IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

MICHAEL CHESSHIR; and
JENNIFER CHESSHIR                                                                    PLAINTIFFS

v.                                         Case No. 4:14-cv-04140

BRADLEY TAYLOR d/b/a TAYLOR &
TAYLOR DEVELOPMENT, LLC;
MOLLY TAYLOR d/b/a TAYLOR &
TAYLOR DEVELOPMENT, LLC;
JANELLE WHITE d/b/a TAYLOR &
TAYLOR DEVELOPMENT, LLC;
TAYLOR & TAYLOR DEVELOPMENT,
LLC; BRADLEY TAYLOR; MOLLY
TAYLOR; and JANELLE WHITE                                                            DEFENDANTS

**ORDER**

Before the Court is the Motion to Remand filed on behalf of Plaintiffs Michael Chesshir and Jennifer Chesshir ("the Chesshirs"). (ECF No. 19). Defendants Taylor & Taylor Development, LLC ("Taylor & Taylor"), Bradley Taylor, Molly Taylor, and Janelle White have filed a response. (ECF No. 33). LaJoie Ventures, L.P. d/b/a Heritage Hardwood Floors has also filed a response. (ECF No. 29). LaJoie Ventures was dismissed as a party to this lawsuit by an agreed motion of the parties. (ECF No. 34). Thus, the Court has not considered LaJoie Ventures's response for the purposes of this Order. For the reasons stated herein, Plaintiffs' Motion for Remand should be DENIED.

I. Background

On or about December 11, 2012, Taylor & Taylor and the Chesshirs entered into a construction contract regarding property owned by the Chesshirs at 3711 Jack Cullen Drive in Texarkana, Arkansas. The Chesshirs allege that they have remitted funds to Defendants in exchange

for construction in a good workmanlike manner, and that Defendants have failed to complete the construction project as agreed to by the terms of the contract. Defendants assert that the Complaint is based on a contractual relationship between the Chesshirs and Heritage, which was consummated after Taylor & Taylor ceased work on the Chesshirs' residence.

On September 30, 2014, the Chesshirs filed suit in Miller County, Arkansas Circuit Court alleging five causes of action against Defendants: (1) failure to comply to form of lien, (2) failure to comply with applicable requirements of lien, (3) slander of title against LaJoie Ventures, (4) failure to defend owner from lien claimants, and (5) slander of title against Taylor & Taylor, Bradley Taylor, Molly Taylor, and Janelle White. On October 27, 2014, Defendants filed a Notice of Removal in this Court. (ECF No. 1). On November 4, 2014, Plaintiffs filed the instant Motion to Remand.

II. Discussion

The Chesshirs's arguments supporting remand are as follows: (1) Defendants did not timely remove the case; (2) this Court lacks personal jurisdiction over the parties; and (3) this Court lacks subject matter jurisdiction over the lawsuit.

A. Timeliness of Responsive Pleading

The Chesshirs argue that Ark. Code Ann. § 18-44-118(f)(3)(B) and the Arkansas Supreme Court's holding in *Allstate Ins. Co. v. Bourland*, 758 S.W.2d 700 (Ark. 1988) instruct that the causes of action should be remanded since Defendants did not remove their action within five (5) days of the filing of the Notice to Discharge the Lien. Defendants respond that the lien was discharged before the Chesshirs filed their lawsuit, and thus the filing of the Notice to Discharge was moot as

2

the Chesshirs had not suffered an injury which could be redressed by the state court. Further, even if the filing was not moot, the Arkansas statute does not alter Defendants' time to remove the case to federal court to respond to the remaining allegations in the Complaint.

Defendants' Notice of Removal was timely. Congress, in 28 U.S.C. § 1146(b), affords defendants 30 days to file their notice of removal after receipt of a copy of the initial pleading. The *Bourland* decision from the Arkansas Supreme Court is inapposite. In that case, the Court held that the filing of an answer in federal court when removal was not effected properly in state court did not protect the defendant from a default judgment in state court. Those are not the issues before this court. Instead, here, Defendants appropriately and timely filed their removal documents in state court. They did not respond within five days to the Notice to Discharge the Lien. However, that does not effect the timing for proper removal in this court.

### B. Personal Jurisdiction

Plaintiffs argue the Court lacks both general and specific personal jurisdiction over the parties. Initially, the Court notes that Plaintiffs have raised personal jurisdiction arguments as a basis for remand. Because state and federal courts have concurrent jurisdiction over certain persons, the arguments are usually made in terms of a motion to dismiss.

A state may exercise general jurisdiction if a defendant has carried on in the forum state a continuous and systematic, even if limited, part of its general business; in such circumstances the alleged injury need not have any connection with the forum state. *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 779 (1984). Specific jurisdiction on the other hand is appropriate only if the injury giving rise to the lawsuit occurred within or had some connection to the forum state, meaning that

the defendant purposely directed its activities at the forum state and the claim arose out of or relates to those activities. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985).

The Court finds that it has general personal jurisdiction over the parties. The Court has general personal jurisdiction over Plaintiffs because they are residents of the state of Arkansas. *See Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co., KG*, 646 F.3d 589, 592-593 (8th Cir. 2011). The Court has general personal jurisdiction over Defendants because of their minimum contacts with the state and because Defendants have consented to personal jurisdiction. *Sondergard v. Miles, Inc.*, 985 F.2d 1389, 1394-95 (8th Cir. 1993); *Knowlton v. Allied Van Lines*, 900 F.2d. 1196, 1199 (8th Cir. 1990).

Plaintiffs next argue that the case should be remanded to Arkansas state court because this Court lacks specific personal jurisdiction over the Plaintiffs. Particularly, the Plaintiffs argue that the factors from *Land-O-Nod v. Bassett Furniture Industries, Inc.*, 708 F.2d 1338 (8th Cir. 1983) favor state court jurisdiction.

The *Land-O-Nod* factors are misplaced in Plaintiffs' analysis. In *Land-O-Nod*, the Minnesota District Court denied a Motion to Dismiss, finding that the Court had personal jurisdiction over the defendant. The Eighth Circuit reversed, finding that the requisite relationship among the defendants, the forum state, and the litigation was lacking. Therefore, the *Land-O-Nod* factors aid a court in determining whether defendants have certain minimum contacts with the forum *state* such that maintenance of the suit in that *state* does not offend "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Plaintiffs are arguing that Defendants have minimum contacts with the state of Arkansas. Because the Court agrees, and

Defendants are not contesting that assertion, it is fair for Defendants to be hailed into court in Arkansas, whether that be in a federal or state forum.[1]

### C. Subject Matter Jurisdiction

Finally, the Chesshirs argue that the Court lacks subject matter jurisdiction over the parties. First, they assert the parties are not completely diverse because Janelle White and Taylor & Taylor are citizens of Arkansas. Second, they argue the amount in controversy does not satisfy the jurisdictional minimum. Lastly, they argue that the Court's exercise of jurisdiction over this lawsuit would result in bifurcation of the case.[2]

#### i. Taylor & Taylor citizenship

It is undisputed that Plaintiffs are citizens of Arkansas. It is undisputed that Bradley Taylor and Molly Taylor are citizens of Texas. The Plaintiffs cite no law, and the Court can find none, to support their argument that Taylor & Taylor's registration with the Arkansas Secretary of State and/or licensure with the Arkansas Contractor's License Board deem it to be a citizen of Arkansas. Instead, the Court finds support for the well-settled rule that the citizenship of a limited liability company is the citizenship of its members. *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007). Because Bradley Taylor and Molly Taylor are the only members of Taylor & Taylor, and they are citizens of Texas, the Court finds that Taylor & Taylor, LLC is a citizen of Texas.

---

[1] In fact, a defendant's minimum contacts with Arkansas is necessary for this Court to find that it has jurisdiction. If this Court lacked jurisdiction over a party every time the party had minimum contacts with the state of Arkansas, this Court's diversity jurisdiction would be rendered meaningless.

[2] Plaintiffs also allege that this Court lacks subject matter jurisdiction over the action because the causes of action are based on Arkansas law. Because it is well settled that federal courts have subject matter jurisdiction over cases grounded in state law when there is diversity of citizenship and the minimum amount in controversy, this argument has no merit.

ii. Janelle White citizenship

Therefore, the question before the Court regarding diversity of citizenship is limited to the alleged fraudulent joinder of defendant Janelle White. It is undisputed that Janelle White is a citizen of Arkansas and therefore her presence in the lawsuit would destroy complete diversity should she remain. Defendants assert that Janelle White was fraudulently joined and the Court should disregard her citizenship for purposes of determining whether complete diversity exists. Plaintiffs assert that she is the "registered agent (officer)" of Taylor & Taylor.

A defendant is fraudulently joined when there is no reasonable basis to support a claim against the nondiverse defendant. *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010). Defendant argues that White was improperly joined because (1) she was not a party to the contract between the Chesshirs and Taylor & Taylor; (2) her actions were under the authority of Taylor & Taylor and on behalf of a disclosed principle; and (3) all of the Plaintiffs' allegations against White are based on her actions within the course of her employment so they are not entitled to relief against her individually.

In their Complaint, the Chesshirs allege (1) failure to comply to form of lien, (2) failure to comply with applicable requirements of lien, (3) failure to defend owner from lien claimants, and (4) slander of title. Ms. White was not a party to any contract with either the Chesshirs or Heritage under which a duty to defend against any lien would have arisen. All actions that White took were under the authority of Taylor & Taylor, a disclosed principle. Those actions cannot make her individually liable as a named Defendant in this action. *See Tallent, et al. v. Dwight Harshaw, et al.*, 592 F. Supp 66 (E.D. Ark. 1984). Even if all allegations in Plaintiffs' Complaint are proved to

6

be true, they are not entitled to relief against White.

Plaintiffs also allege that Bradley Taylor, Molly Taylor, and Janelle White are all Officers of the defunct corporate entity Taylor & Taylor and therefore they have personal liability for the debt incurred during the time the Arkansas corporate charter is revoked. The evidence presented demonstrates that White was an employee of Taylor & Taylor and served as its registered agent in the state of Arkansas. There is no evidence that White served as an officer of Taylor & Taylor.

Therefore, she is a fraudulently joined defendant and her citizenship will not be considered when determining whether complete diversity of citizenship exists. Without White as a defendant, there is complete diversity such that jurisdiction is proper in federal court.

iii.  Amount in Controversy

Plaintiffs assert that this Court lacks subject matter jurisdiction because the damages claimed in the Complaint are only $7,054.40. In 28 U.S.C. § 1332, Congress instructed that the amount in controversy for federal diversity jurisdiction must be more than $75,000. Typically, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2).

It is well established that the requirements for diversity jurisdiction must be satisfied only with respect to the time of filing. *See Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 570-71 (2004). Subsequent events reducing the amount in controversy do not destroy diversity jurisdiction. *Rosado v. Wyman*, 397 U.S. 397, 405 (1970). At the time of filing, the Complaint asked the court to enter an order discharging the lien and awarding statutory treble damages with a base amount of $18,587.00 plus court costs, and attorneys' fees, equaling a total of $55,761.00.

They additionally ask for punitive damages in the amount of at least $55,761.00. Together, those damage claims equal $111,522.00, a sum well over the jurisdictional minimum.

iv. Bifurcation

Plaintiffs also argue that "[n]ot all of the claims addressed in Plaintiffs' initial Complaint filed within Miller County, Arkansas were properly removed to this Court," so in the interest of judicial economy, the case should be remanded to avoid bifurcation. (ECF No. 12, ¶ 66). In the Defendants' Notice of Removal, the entire case was removed from Miller County. (ECF No. 1). The Court fails to understand the argument that there would be a bifurcuated case.[3]

III. Conclusion

Accordingly, Plaintiffs' Motion to Remand (ECF No. 19) should be and hereby is DENIED.

**IT IS SO ORDERED**, this 20th day of March, 2015.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge

---

[3] Plaintiffs also argue that the state court must make the decision regarding the validity and applicability of an arbitration agreement between the parties. The Plaintiffs cite no law, and the Court can find none, that would render this court without jurisdiction based solely on the existence of an arbitration agreement between the parties. The applicability and validity of the arbitration agreement has not been argued and is not presently before the Court.