IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

MICHAEL CHESSHIR; and
JENNIFER CHESSHIR                                                    PLAINTIFFS

v.                              Case No. 4:14-cv-04140

BRADLEY TAYLOR d/b/a TAYLOR &
TAYLOR DEVELOPMENT, LLC;
MOLLY TAYLOR d/b/a TAYLOR &
TAYLOR DEVELOPMENT, LLC;
JANELLE WHITE d/b/a TAYLOR &
TAYLOR DEVELOPMENT, LLC;
TAYLOR & TAYLOR DEVELOPMENT,
LLC; BRADLEY TAYLOR; MOLLY
TAYLOR; and JANELLE WHITE                                            DEFENDANTS

**ORDER**

Before the Court is Plaintiffs' Motion to Strike and, Alternatively, Response to Notice of Removal. (ECF No. 20). Defendants have responded. (ECF No. 32). LaJoie Ventures, L.P. has also filed a response. (ECF No. 30). However, LaJoie Ventures, L.P. has been dismissed as a defendant in this case. (ECF No. 34). Therefore, their response has not been considered. The Court finds this matter ripe for its consideration.

The arguments Plaintiffs make in their "Motion to Strike" reassert arguments that have already been made in their Motion to Remand and ruled upon by this Court. The Court will not readdress those arguments.[1] Plaintiffs have alternatively provided the Court with a "Response to the Notice of Removal." This response, in addition to asserting arguments that have been made once in their Motion to Remand and again in their Motion to Strike, does not ask the Court to do anything different than what the Court has already considered in its Order denying Plaintiffs' Motion to

---

[1] The Plaintiffs have added an additional case for the Court's consideration, *Hotfoot Logistics, LLC v. Shipping Point Marketing, Inc.*, 2014 Ark. 460 (2014). This motion is not the proper avenue to raise additional arguments to support remand. Even if it were, the Court finds the *Hotfoot* case adds nothing to Plaintiffs' arguments already raised in their Motion to Remand. It stands for the proposition that Arkansas courts have jurisdiction over a party that has minimum contacts with the state. Because it has been established that Defendants have minimum contacts with the state of Arkansas, this Court can exercise jurisdiction over them.

Remand. Plaintiffs again ask that the Court to "enter and [sic] Order that grants the Motion to Remand to Miller County Arkansas." Plaintiffs already filed a Motion for Remand and brief in support, requesting that the Court remand the action.[2] This additional brief requesting the same relief on the same grounds is unnecessary.

Accordingly, Plaintiffs' Motion to Strike (ECF No. 20) is **DENIED**.

**IT IS SO ORDERED**, this 20th day of March, 2015.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge

---

[2] The Court is confused by Plaintiffs' request for attorneys fees to "defend this frivolous action." Plaintiffs are reminded that they brought the action and therefore are not defending it.